UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Richard Bosarge | § | CIVIL ACTION NO: |
| | § | |
| *Plaintiff*, | § | |
| | § | SECTION " " ( ) |
| v. | § | |
| | § | |
| Cheramie Marine, L.L.C. | § | |
| | § | |
| *Defendant*. | § | JURY DEMAND |

# **Plaintiff's Original Complaint**

Plaintiff Richard Bosarge brings this action complaining of Defendant Cheramie Marine, L.L.C. ("Defendant") and would respectfully show the Court that:

## **I.**

## **Jurisdiction**

1. This claim is maintained under the Jones Act (46 U.S.C. § 30104) and/or the general maritime law of the United States.

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## **II.**

## **Venue**

3. Venue is proper because Defendant's principal place of business is in this District and/or a substantial part of the events giving rise to this claim occurred here.

**III.**

**Parties**

4. Plaintiff is an American citizen and resident of Alabama. As an American seaman, Plaintiff brings this action pursuant to Section 1916, Title 28, United States Code, without the prepayment of costs or the necessity of depositing security.

5. Defendant Cheramie Marine, L.L.C. is a Louisiana limited liability company with its principal business establishment in Lafourche Parish. Defendant Cheramie Marine, L.L.C. may be served with process through its registered agent: Dino Cheramie, 163 West 40th Place, Cut Off, Louisiana 70357.

**IV.**

**Nature of the Action**

6. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about July 18, 2014. On or about this date, Plaintiff was employed by Defendant as a seaman and was assigned to the M/V MR. BENITO which was owned, operated and/or managed by Defendant. While the vessel was deployed on navigable waters and while Plaintiff, as a member of its crew, was contributing to and aiding such vessel to accomplish its mission, Plaintiff sustained serious injuries to his back and other parts of his body when he was tossed around in his bunk.

7. Defendant is negligent and negligent per se for the following reasons:

a. failure to properly supervise their crew;

b. failure to properly train their employees;

c. failure to provide adequate safety equipment;

d. failure to provide adequate medical treatment;

e. operating the vessel with an inadequate crew;

f. failure to maintain the vessel;

g. failure to provide a safe work environment;

h. operating the vessel in unsafe conditions and/or in an unsafe manner;

i. vicariously liable for their employees' negligence;

j. violating applicable Coast Guard, OSHA, BOEMRE, and/or BSEE rules; and

k. other acts deemed negligent.

8. At all relevant times, the vessel was unseaworthy.

9. As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.

10. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries. As an American seaman, Plaintiff is also entitled to maintenance and cure. Plaintiff demands Defendant institute maintenance payments at the rate of $55/day from the date of the incident going forward. Defendant has willfully, wantonly, arbitrarily, and capriciously failed to live up to its maintenance and cure obligations, entitling Plaintiff to an award of punitive damages and attorneys' fees. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

**V.**

**Prayer**

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

By: */s/ Noah Wexler*__________

Noah Wexler
Bar Roll No. 34995
6009 Memorial Drive
Houston, Texas 77007
Tel: (713) 222-3800
Fax: (713) 222-38
**Attorney for Plaintiff**