**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RICHARD BOSARGE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2153** |
| **CHERAMIE MARINE LLC** | **SECTION "H"(1)** |

**ORDER AND REASONS**

Before the Court is Defendant's Motion for Summary Judgment (R. Doc. 25). For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART. Plaintiff's unseaworthiness claim is DISMISSED WITH PREJUDICE.

**BACKGROUND**

On July 2, 2014, Defendant Cheramie Marine, LLC hired Plaintiff Richard Bosarge to serve as a relief captain aboard the M/V MR. BENITO, which was owned and operated by Defendant. On July 18, 2014, during his first hitch, Plaintiff alleges that he sustained a serious back injury when he was tossed around in his bunk. Plaintiff specifically contends that the captain of the vessel

refused to turn back during bad weather with waves ranging from 10 to 14 feet high. Plaintiff asserts causes of action against Defendant for negligence under the Jones Act, unseaworthiness, maintenance and cure, and punitive damages for the arbitrary and capricious denial of maintenance and cure benefits.

Defendant now moves this Court for partial summary judgment on the issues of unseaworthiness, maintenance and cure, and punitive damages.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the

[1] Fed. R. Civ. P. 56(c) (2012).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Coleman*, 113 F.3d at 533.

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendant seeks summary judgment on the issues of unseaworthiness, maintenance and cure, and punitive damages. This Court will address each claim in turn.

### A. Unseaworthiness

Plaintiff claims that the the M/V MR. BENITO was unseaworthy for two reasons. First, Plaintiff argues that the vessel was unseaworthy because it was not reasonably fit to safely travel in the hazardous weather conditions it

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

encountered. Second, Plaintiff argues that the crew of the M/V MR. BENITO was unfit because members of the crew were under the influence of drugs. "One crew member repeatedly slapped himself in the face. The crew also stored fake urine on the vessel, presumably since they could not pass surprise drug tests without the fake urine. . . . [The Captain] presumably did [not turn the boat around] due to fear of him (or his deckhand) being drug tested."[9] In response, Defendant argues that Plaintiff cannot succeed on an unseaworthiness claim because he stated in his deposition that the captain of the vessel was the sole cause of his injury. Defendant argues that a negligent act of a fellow crew member does not amount to an unseaworthy condition.

"Seaworthiness, as that term has been defined and redefined, is reasonable fitness to perform or do the work at hand."[10] To succeed on a claim of unseaworthiness, a plaintiff must show "1) a vessel, equipment, or crew not reasonably fit and safe for the purposes required (i.e., an unseaworthy condition), 2) that unseaworthiness actually caused or played a substantial role in causing injury, and 3) that the injury was 'the direct result or reasonably probable consequence of that unseaworthiness.'"[11]

As a threshold matter, this Court notes that some of Plaintiff's exhibits are inadmissible for purposes of this Motion. "[O]n a motion for summary judgment, the evidence proffered by the plaintiff to satisfy his burden of proof must be

---

[9] R. Doc. 29, p. 7.

[10] *In re Brown & Root Marine Operators, Inc.*, 267 F. Supp. 588, 592 (S.D. Tex. 1965) *aff'd sub nom. Brown & Root Marine Operators, Inc. v. Zapata Off-Shore Co.*, 377 F.2d 724 (5th Cir. 1967).

[11] *Oliver v. Weeks Marine, Inc.*, 509 F. App'x 353, 355 (5th Cir. 2013).

competent and admissible at trial."[12] "Unsworn documents are . . . not appropriate for consideration.[13] "As a general rule, inadmissible evidence cannot be relied upon to create an issue of material fact for the purpose of defeating a summary judgment motion."[14]

Plaintiff's Exhibit A purports to be a message from a member of the crew of the M/V MR. BENITO. It has been submitted to this Court, however, in the body of an email that a unidentified third party sent to herself. The email contains no verifying information about the writer of the text and is unsworn. Exhibit B contains first a handwritten account of the events at issue in this case. The writing is unsigned, and the writer is never identified. Next, Exhibit B contains the transcript of a recorded interview with Plaintiff. The authenticity of this transcript is not verified. Both exhibits constitute hearsay. "Hearsay evidence, because it is inadmissible at trial, is not competent summary judgment evidence."[15] The Court is at a loss as to why Defendant did not object to the inclusion of these exhibits.

That said, even considering these exhibits, Plaintiff has failed to create a genuine issue of material fact. Plaintiff relies entirely on Exhibits A and B to

---

[12] *Roucher v. Traders & Gen. Ins. Co.*, 235 F.2d 423, 424 (5th Cir. 1956); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[13] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

[14] *Travland v. Ector Cnty., Texas*, 39 F.3d 319 (5th Cir. 1994); ALAN WRIGHT & ARTHUR MILLER, 10A FED. PRAC. & PROC. CIV. § 2727 (3d ed.) ("Material that is inadmissible will not be considered on a summary-judgment motion because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless.").

[15] *Hixson v. Houston Indep. Sch. Dist.*, No. 4:09-CV-3949, 2011 WL 4860004, at *3 (S.D. Tex. Oct. 13, 2011).

support his unseaworthiness claim. Neither of these exhibits show that any possible drug use or fake urine aboard the vessel were a cause of the Captain's decision to proceed in bad weather. Further, Defendant correctly argues that the isolated, personal act of a fellow crew member cannot render a ship unseaworthy.[16] "Instead, there should be evidence of a congeries of acts."[17] Plaintiff has not provided any additional evidence to establish an unseaworthy condition of the M/V MR. BENITO or its crew. Accordingly, this Court holds that Plaintiff's exhibits, even if admissible, fail to create an issue of fact, and his unseaworthiness claim is dismissed with prejudice.

**B. Maintenance and Cure**

Next, Defendants seek to dismiss Plaintiff's claim for maintenance and cure. Defendant's motion raises the *McCorpen* defense to argue that it does not owe Plaintiff maintenance and cure because he concealed a material medical fact during a pre-hiring medical examination.[18] Specifically, Defendant alleges that Plaintiff suffered a back injury prior to the incident at issue in this case and that he did not disclose that injury on the medical questionnaire he was provided prior to his employment with Defendant. The medical records provided to the Court show that in 2011 Plaintiff visited the Alabama Orthopaedic Clinic complaining of lower back pain. Plaintiff was diagnosed with lumbar degenerative disk disease and given a physical therapy home exercise program

---

[16] Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 500, 91 S. Ct. 514, 518, 27 L. Ed. 2d 562 (1971)

[17] Smith v. Basic Marine Servs., Inc., 964 F. Supp. 2d 597, 606-07 (E.D. La. 2013) aff'd, 571 F. App'x 342 (5th Cir. 2014).

[18] *See McCorpen v. Cent. Gulf S. S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

and pain medicine. This is the only time that Plaintiff visited a doctor for back pain, but he did seek additional pain medication twice after his original visit. Plaintiff admitted in his deposition that he had "pulled a muscle or something at one time" but stated that the pain did not last longer than six months. Defendant alleges that his failure to disclose his 2011 back injury absolves it of liability for maintenance and cure for his 2014 back injury.

To prevail on the McCorpen defense, "an employer must show that (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit."[19]

At the outset, the Court notes that Plaintiff's opposition to this Motion initially argued that Defendant had waived the *McCorpen* defense by failing to plead it in its answer. Defendant was subsequently granted leave to amend its Answer to assert this defense. Accordingly, this argument is mooted.

Plaintiff next argues that Defendant is unable to satisfy the second element of the *McCorpen* defense—that Plaintiff's prior back trouble was material to Defendant's decision to hire him. The Fifth Circuit has stated that "[t]he fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purpose of this analysis."[20] However, "[i]f the vessel owner would have employed the seaman

[19] *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005).

[20] *Id.* at 175.

even had the requested disclosure been made, concealment will not bar the seaman's recovery of maintenance and cure."[21] "A triable issue of fact exists when it is unclear whether an employer's hiring decision would be affected by knowledge of a potential employee's previous injuries."[22]

Here, it is clear that Plaintiff's undisclosed back injury was material because Defendant specifically inquired as to his past back injuries and such an injury is rationally related to the duties of a vessel captain. "The fact that the questions were asked makes the answers material for *McCorpen* purposes."[23]

What is less clear, however, is whether this information would have affected Defendant's decision to hire Plaintiff. Plaintiff argues that Defendant would have hired him even if he had disclosed his prior injury because the injury was extremely minor and Plaintiff had subsequently been cleared for full work duty by a prior employer. Indeed, Plaintiff submits records revealing that he underwent a lumbar spine MRI in 2013 prior to beginning work with Parker Drilling. The MRI results were normal, and he was recommended to work without restriction or accommodation.[24] Plaintiff also passed a functional capacity evaluation at this time, requiring him to lift 100 pounds and carry 50 pounds for 15 feet.[25] These facts, in addition to the minimal treatment required for the injury, create a genuine dispute of material fact as to whether Plaintiff's

---

[21] *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006).

[22] *Hare v. Graham Gulf, Inc.*, 22 F. Supp. 3d 648, 654 (E.D. La. 2014).

[23] *Id.*

[24] R. Doc. 29-12, 29-14.

[25] R. Doc. 29-13.

prior back injury would have changed Defendant's decision to hire him. Indeed, Defendant admits in its Motion that if it had known of Plaintiff's past injury, it would have required that he receive clearance from his prior treating physician before it hired him. Plaintiff's clearance from Parker Drilling in 2013 indicates that he likely would have received clearance, and Defendant would have hired him anyway. While this disclosure may have created a delay in hiring, Defendant has not submitted any evidence to establish that such a delay would have prevented Plaintiff from being aboard the M/V MR. BENITO at the time of his injury.[26] Accordingly, this Court holds that there is a genuine issue of material fact as to whether Plaintiff's past injury would have affected Defendant's hiring decision. Accordingly, Defendant is denied summary judgment on this issue.

**C. Punitive Damages**

Defendant next seeks to dismiss Plaintiff's claims for punitive damages for the arbitrary and capricious denial of maintenance and cure. "It is well-settled that a shipowner who arbitrarily and capriciously denies maintenance and cure to an injured seaman is liable to him for punitive damages and attorney's fees."[27] An injured seaman is entitled to maintenance and cure benefits until such time as he reaches maximum medical improvement ("MMI"), "which is the point at

---

[26] *Jauch*, 470 F.3d at 212–13 ("Jauch concealed numerous instances of back injury and mental health problems, disclosure of which would have either prevented his employment, or at least delayed it, preventing his having been present on the M/V LA MADONNA at the time of the accident.").

[27] *Breese v. AWI, Inc.*, 823 F.2d 100, 103 (5th Cir. 1987) (internal quotations omitted).

which further treatment will probably not improve his condition."[28] The Supreme Court has stated that "when there are ambiguities or doubts [as to a seaman's right to receive maintenance and cure], they are to be resolved in favor of the seaman."[29] "A determination to terminate a seaman's right to maintenance and cure must be unequivocal."[30]

Defendant contends that Dr. Christopher Cenac, Jr., Defendant's company doctor, began treating Plaintiff for his back injury immediately following the accident at issue in this matter. Defendant began paying Plaintiff maintenance and cure at that time. On September 25, 2014, Dr. Cenac indicated that Plaintiff had reached MMI, and Defendant ceased paying Plaintiff maintenance and cure benefits.

Plaintiff claims that Defendant willfully and wantonly terminated his maintenance and cure benefits for several reasons. First, Plaintiff notes that Dr. Cenac's MMI opinion came within a week of Plaintiff filing this suit, despite the fact that on September 3, 2015 Dr. Cenac had ordered additional diagnostic testing of Plaintiff. Second, Plaintiff began seeing Dr. Paul Fenn on September 9, 2015, and he issued an opinion stating that Plaintiff had not yet reached MMI. Defendant refused to reinstate maintenance and cure despite Dr. Fenn's opinion and despite Plaintiff's repeated demands. Defendant claims that Dr. Fenn's opinion letter does not raise a material issue of fact because Dr. Fenn is only

---

[28] *Snyder v. L & M Botruc Rental, Inc.*, 924 F. Supp. 2d 728, 734 (E.D. La. 2013); *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962).

[29] *Johnson v. Marlin Drilling Co.*, 893 F.2d 77, 79 (5th Cir. 1990) (quoting *Vaughan*, 369 U.S. at 532 (1962)).

[30] *Id.*

treating Plaintiff for pain and thus Plaintiff is not entitled to cure benefits.

The Fifth Circuit, however, has stated that "where a shipowner had relied on the opinion of its own physician (who had examined the seaman) to terminate maintenance payments in the face of conflicting medical opinions on the issue of whether maximum cure had been reached, a jury question was raised as to whether such behavior would entitle the seaman to punitive damages."[31] It further stated that while this behavior may not be arbitrary and capricious, "there is sufficient evidence entitling [the seaman] to have the jury resolve his arbitrary and capricious claim."[32] In addition, the Fifth Circuit has stated that one behavior that could merit punitive damages against the employer is the termination of benefits in response to the seaman's retention of counsel or refusal of a settlement offer.[33] Here, Plaintiff has submitted evidence that he received conflicting prognoses from Drs. Cenac and Fenn and that Defendant arbitrarily chose to follow the recommendation of its company doctor—which was opined just days after Plaintiff filed suit. "When there are conflicting diagnoses and prognoses from various physicians, there is a question of fact to be determined by the trier of fact as to a plaintiff's entitlement to maintenance and cure benefits and as to whether an employer's termination of maintenance and cure benefits was arbitrary or capricious."[34] Accordingly, this Court holds that Plaintiff has established a material issue of fact as to whether Defendant's

[31] *Breese*, 823 F.2d at 104 (discussing *Tullos v. Res. Drilling, Inc.*, 750 F.2d 380 (5th Cir. 1985)).

[32] *Id.*

[33] *Tullos*, 750 F.2d at 388.

[34] *Snyder*, 924 F. Supp. 2d at 734.

termination of maintenance and cure was arbitrary and capricious. Defendant's request for summary judgment on this matter is denied.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion is GRANTED IN PART and DENIED IN PART. Plaintiff's unseaworthiness claim is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 27th day of July, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**