# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD BOSARGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2153** |
| **CHERAMIE MARINE, LLC** | **SECTION "H"** |

## JURY CHARGE

Members of the Jury:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. In any jury trial, there are, in effect, two judges. I am one of the judges; the other is you, the jury. It is my duty to preside over the trial and to determine what testimony and other evidence is admissible under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to this case. It is your duty to follow the law as I shall state it to you. You must apply that law to the facts as you find them from the evidence in the case. You are not to single out one

-1-

instruction alone as stating the law, but must consider the instructions as a whole.

## Consideration of the Evidence

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Please note that statements and arguments of the attorneys in this case are not evidence and are not instructions on the law. They are intended only to assist you, the jury, in understanding the evidence and the parties' contentions.

## 2.7 Charts and Summaries

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

## 2.8 Demonstrative Evidence

Plaintiff's map is an illustration. It is a party's model used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

## 2.16 Bias—Corporate Party Involved

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before

the law and must be treated as equals in a court of justice.

## Witness Credibility

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness

testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### 3.5 Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

### Burden of Proof

In this case, the plaintiff must prove every essential part of their claims by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of one of

plaintiff's claims by a preponderance of the evidence, you should find for the defendants as to that claim.

## No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## Objections to the Evidence

During the course of trial, you will have heard objections to evidence. Sometimes these objections have been argued out of the hearing of the jury.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference or show any prejudice against a lawyer or his or her client simply because the lawyer has made an objection.

Upon allowing testimony or other evidence to be introduced over

the objections of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  As stated before, you the jury are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the court has sustained an objection to a question addressed to a witness, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if permitted to answer.

At times during the trial, I directed that certain testimony or other evidence be stricken from the record, and instructed you to disregard the evidence.  You are not to consider that testimony or other evidence in reaching your decision.  Your verdict must be based solely on legally admissible evidence and testimony.

## Use of Notes

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly

influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## Introduction to the Substantive Law

In this case, Plaintiff Richard Bosarge, a seaman, is asserting two separate claims against Defendant Cheramie Marine, LLC Plaintiff Richard Bosarge's first claim, under the federal law known as the Jones Act, is that his employer, Defendant Cheramie Marine, LLC, was negligent, and that this negligence was a cause of his injuries. Plaintiff Richard Bosarge's second claim is for what is called maintenance and cure.

You must consider each of these claims separately. Plaintiff Richard Bosarge is not required to prove all of these claims. He may recover if he proves any one of them. However, he may recover only those damages or benefit the law provides for the claims that he proves, and he may not recover the same damages or benefits more than once.

## 4.4 Jones Act—Negligence

Under the Jones Act, Plaintiff Bosarge must prove that his

employer was negligent. Negligence is doing an act that a reasonably prudent person would not do, or failing to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean that anyone was negligent or that anyone's negligence caused the accident. In a Jones Act claim, the word "negligence" is liberally interpreted. It includes any breach of duty that an employer owes to its employees who are seamen, including the duty of providing for the safety of the crew. Under the Jones Act, if the employer's negligent act was the cause, in whole or in part, of injury to a seaman employee, then you must find that the employer is liable under the Jones Act. In other words, under the Jones Act, Defendant Cheramie Marine bears the responsibility for any negligence that played a part, however slight, in causing Plaintiff Bosarge's injury.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that Plaintiff Bosarge was injured because Defendant Cheramie Marine failed to furnish him with a reasonably safe place to work, and that Plaintiff Bosarge's working conditions could have

-10-

been made safe through the exercise of reasonable care, then you must find that Defendant Cheramie Marine was negligent.

The fact that Defendant Cheramie Marine conducted its operations in a manner similar to that of other companies is not conclusive as to whether Defendant Cheramie Marine was negligent or not.

You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice had been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long-accepted practice may be an unsafe practice. A practice is not necessarily unsafe or unreasonable, however, merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of its employees while that employee is acting within the course and scope of his employment. If you find from a preponderance of the evidence that Defendant Cheramie Marine assigned Plaintiff Bosarge to perform a task that the Plaintiff was not adequately trained to perform, you must find that Defendant was negligent.

## 4.6 Causation

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

Under the Jones Act, for both the employer's negligence and the seaman's contributory negligence, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part. In other words, under the Jones Act, a defendant and a plaintiff each bear the responsibility for any negligence that played a part, however slight, in causing the plaintiff's injury.

## 4.8 Damages

If you find that Defendant Cheramie Marine is liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of Plaintiff's damages.  The instructions I give you now apply only to your consideration of compensatory damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory

damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make Plaintiff Bosarge whole, or to restore him to the position he would have been in if the accident had not happened.

In determining compensatory damages, you should consider only the following elements, to the extent you find that Plaintiff has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of Mr. Bosarge's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment of Plaintiff's earning capacity due to his physical condition; past medical expenses; and the reasonable value, not exceeding actual cost to Plaintiff Bosarge, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that Plaintiff Bosarge is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First you should consider loss after income taxes; that is you should determine the actual or net income that

Plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the Mr. Bosarge only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Plaintiff if he/ received the amount today than if he received the same amount in the future. If you decide to award Plaintiff Bosarge an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk free investment and deducting that amount from the gross future earning award.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, instead determining what amount that will fairly compensate Plaintiff for his injuries.

Finally, you may award damages for aggravation of a pre-existing condition resulting from physical injury to the plaintiff. If you find that there was such an aggravation, you should determine, if you can, what portion of the plaintiff's condition resulted from the

aggravation, and make allowance in your verdict only for the aggravation.

## 4.10 Maintenance and Cure Claim

Plaintiff Bosarge's second claim is that, as a seaman, he is entitled to recover maintenance and cure. This claim is separate and independent from his Jones Act claim. You must decide this claim separately from your determination of his Jones Act claim.

Maintenance and cure provides a seaman who is disabled by injury or illness while in the ship's service with medical care and treatment and the means of maintaining himself while he is recuperating.

Maintenance and cure is a seaman's remedy. Plaintiff Bosarge is a seaman; therefore, you must determine whether he is entitled to maintenance and cure. When there are ambiguities or doubts about a seaman's right to maintenance and cure, you should resolve those ambiguities or doubts in the seaman's favor.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel. To recover maintenance and cure, Plaintiff Bosarge need only show that he suffered injury or illness while in the service of the vessel on which

he was employed as a seaman, without willful misbehavior on his part. The injury or illness need not be work-related; it need only occur while the seaman is in the ship's service. Maintenance and cure may not be reduced because of any negligence on the seaman's part.

The "cure" to which a seaman may be entitled includes the costs of medical attention, including the services of physicians and nurses as well as hospitalization, medicines and medical apparatus. However, the employer has no duty to provide cure for any period during which a seaman is hospitalized at the employer's expense.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches what is called "maximum cure." Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected. If it appears that a seaman's condition is incurable, or that the treatment will not improve a seaman's physical condition but will only relieve pain, he has reached maximum cure. The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished. If you decide that Plaintiff Bosarge is entitled to maintenance and cure, you must determine when the employer's obligation to pay maintenance began, and when it ends. One factor you may consider in determining when the period ends is when the seaman resumed

-16-

his employment, if he did so. If, however, the evidence supports a finding that economic necessity forced the seaman to return to work before reaching maximum cure, you may take that finding into consideration in determining when the period for maintenance and cure ends.

If you find that Plaintiff is entitled to an award of damages under the Jones Act, and if you award him either lost wages or medical expenses, then you may not award him maintenance and cure for the same period. That is because Plaintiff may not recover twice for the same loss of wages or medical expenses.

### *McCorpen* Defense

A seaman will be denied Maintenance and Cure if, in applying for employment, a seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired and the material medical information is causally linked to the injury that the plaintiff sustained while in the service of the vessel. This is an affirmative defense and the burden of proof with respect to it is on the defendant.

The rules with respect to this defense to the Plaintiff's Maintenance and Cure claim are as follows. Where the shipowner, in this case Defendant Cheramie Marine, requires a seaman to

submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, and the pre-existing injury is causally linked to the injury which was incurred while in the service of the vessel, then he is not entitled to an award of maintenance and cure.

It order for Defendant to prevail on this defense, you must find that it has established the following elements by a preponderance of the evidence:

1. The seaman was required to submit to a pre-hiring medical examination or interview

2. The seaman intentionally misrepresented or concealed a medical fact during the pre-employment medical examination and interview process. Any misrepresentation or concealment must have been intentional and not by mistake or accident.

3. The medical fact that was misrepresented or concealed must have been material. This means that the medical fact must have been of such a nature that knowledge of the item would affect a person's decision-making process.

4. The medical condition which was not disclosed must be causally linked to the injuries which the seaman allegedly incurred while in the service of the vessel. "Causally linked" means that the

old injury and the new injury affected the same body part.

## Closing Instructions

It is your sworn duty as jurors to discuss the case with each other in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

I have prepared a special verdict form to aid you in reaching a unanimous decision. You will take the form with you to the jury room. The verdict must represent the considered judgment of each juror. Your verdict must be <u>unanimous</u> on <u>each</u> and <u>every</u> interrogatory.

[Read Jury Verdict Form]

When you retire to the jury room to deliberate on your verdict, you may take with you these instructions and the exhibits that the Court has admitted into evidence. Then select your Foreperson and

-19-

begin your deliberations.  During those deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iphone, blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, Linkedin, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, any numerical division on any question.

If you need to communicate with me during your deliberations, the Foreperson should prepare a written message or question and give it to the Marshal, who will bring it to me.  I will either reply in writing or bring you back into the court to respond to your message.  I will always first disclose to the attorneys and the parties your message and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the court orders otherwise.

You may now retire to the jury room to conduct your deliberations.