## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30187

United States Court of Appeals
Fifth Circuit
**FILED**
January 10, 2017
Lyle W. Cayce
Clerk

RICHARD BOSARGE,

    Plaintiff - Appellant

v.

CHERAMIE MARINE, L.L.C.,

    Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2153

Before KING, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Richard Bosarge sued his employer, Cheramie Marine, L.L.C. ("Cheramie Marine"), under the Jones Act, 46 U.S.C. § 30101 *et seq.*, for negligence and for maintenance and cure after allegedly sustaining serious injuries on a voyage of the M/V MR. BENITO, one of Cheramie Marine's utility vessels.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The jury entered a take nothing verdict on Bosarge's claims. Adopting the jury's verdict, the trial court subsequently entered final judgment. Bosarge now appeals. We AFFIRM.

## I.

Bosarge applied to work at Cheramie Marine in 2014. As part of a pre-employment physical, he was asked whether he had any prior back pain or injury. Bosarge responded in the negative, despite the fact that he had previously sought medical care to help with back pain. Eventually, Cheramie Marine hired him as a relief captain. On July 18, 2014, Bosarge was on the M/V MR. BENITO. At trial, he testified that, as a result of the Master Captain's decision to travel through high waves, Bosarge was injured. He described the events as follows: while he was in his bunk, the vessel "hit a real big wave and [he] came up out the bed and [] was slammed down [and that he] [p]robably came off the bed about two-foot . . . and slammed down."

Cheramie Marine, however, presented evidence that the waves were not violent. It also showed that Bosarge made statements that he did not fall and that he thought his back was hurting from being seasick. In fact, the Master Captain testified that Bosarge did not report having any sort of accident at all.

Based on this day's events, Bosarge sued Cheramie Marine. At trial, Cheramie Marine's medical expert testified about two MRI film studies of Bosarge's back. In doing so, he compared a pre-injury MRI film of Bosarge's back with a post-injury MRI film of the same area, concluding that the pre-injury MRI looked worse than the post-injury MRI.

After trial, the jury entered a take nothing verdict on Bosarge's claims. The verdict form stated:

> (1) Do you find from a preponderance of the evidence that Plaintiff Richard Bosarge had an accident on July 18, 2014?

(5) Do you find from a preponderance of the evidence that when he applied for employment with Defendant Cheramie Marine, the Plaintiff Richard Bosarge intentionally misrepresented or concealed material medical facts during his pre-employment medical examination and interview process, and that the facts which were concealed were causally linked to the injuries he suffered while in the service of the vessel, the M/V MR. BENITO?

The jury responded "no" to Question One and "yes" to Question Five. The trial court subsequently entered final judgment, adopting the jury's verdict. Bosarge did not file a motion for judgment as a matter of law or a motion for new trial.

## II.

Appellate review for sufficiency of the evidence is not available if the appellant files neither a motion for judgment as a matter of law nor a motion for new trial. *Price v. Rosiek Constr. Co.*, 509 F.3d 704, 707 (5th Cir. 2007) (citing *Unitherm Food Sys. Inc. v. Swift–Eckrich, Inc.,* 546 U.S. 394, 404 (2006)).

"We review challenges to jury instructions for abuse of discretion and afford the trial court great latitude in the framing and structure of jury instructions." *Eastman Chem. Co. v. Plastipure, Inc.*, 775 F.3d 230, 240 (5th Cir. 2014) (citing *United States v. Carrillo*, 660 F.3d 914, 925–26 (5th Cir. 2011)). "[Jury] instructions need not be perfect in every respect provided that the charge in general correctly instructs the jury, and any injury resulting from the erroneous instruction is harmless." *Id.* (quoting *Rogers v. Eagle Offshore Drilling Servs., Inc.*, 764 F.2d 300, 303 (5th Cir. 1985)). However, "[i]f a party does not object, this court reviews jury instructions for plain error." *In re Isbell Records, Inc.*, 774 F.3d 859, 870 (5th Cir. 2014) (citing *Duvall v. Dallas County,* 631 F.3d 203, 206 (5th Cir. 2011); *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487,

494 (5th Cir. 2002). Because Bosarge objected to the instructions at trial, this court evaluates Bosarge's challenge for abuse of discretion.

Furthermore, "appellate review of the [t]rial [c]ourt's use of special interrogatories is confined to whether such use was an abuse of discretion." *Bryan v. Cargill, Inc.*, 723 F.2d 1202, 1204 (5th Cir. 1984) (citations omitted); *see also Seymore v. Penn Mar. Inc.*, 281 F. App'x 300, 302 (5th Cir. 2008).[1]

"We apply an abuse of discretion standard when reviewing evidentiary rulings. If an abuse of discretion is found, the harmless error doctrine is applied. Thus, evidentiary rulings are affirmed unless the district court abused its discretion and a substantial right of the complaining party was affected." *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 581 (5th Cir. 2004) (quoting *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 660 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006)). "A trial court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Caldwell*, 586 F.3d 338, 341 (5th Cir. 2009) (citation omitted). "An error does not affect substantial rights 'if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict.'" *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 361 (5th Cir. 1995) (quoting *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1094 (5th Cir. 1994)).

### III.

#### A.

Bosarge brought a claim for maintenance and cure to recover for injuries that he allegedly sustained while on board the M/V MR. BENITO. He now

---

[1] Although *Seymore* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

challenges the jury's finding, arguing that there is no evidence to support the verdict. However, Bosarge admits that he did not move for directed verdict, new trial, or judgment notwithstanding the verdict.

We have clearly stated that appellate review of the sufficiency of the evidence is not available if the appellant files neither a motion for judgment as a matter of law nor a motion for new trial. *Price*, 509 F.3d at 707 (citing *Unitherm*, 546 U.S. at 404); *see also OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 676 (5th Cir. 2016); *Singleton v. Thompson*, 294 F. App'x 943, 944–45 (5th Cir. 2008). Therefore, because Bosarge filed neither a motion for judgment as a matter of law nor a motion for new trial, we do not review his sufficiency of the evidence arguments.[2]

B.

Bosarge next argues that the district court erred in its drafting of the jury charge. Specifically, he challenges Question One of the jury verdict form: "(1) Do you find from a preponderance of the evidence that Plaintiff Richard Bosarge had an accident on July 18, 2014?" The jury responded "no." Bosarge

---

[2] Even if we were to evaluate Bosarge's sufficiency of the evidence arguments under plain error review, however, we find that there was evidence presented to support the jury's verdict. *See McLendon v. Big Lots Stores, Inc.*, 749 F.3d 373, 374 n.2 (5th Cir. 2014) (not designated for publication) (collecting cases decided after *Unitherm*, explaining that some cases used a plain error review and noting "the question under plain error is whether any evidence exists to support the jury award." (citations omitted)). Cheramie Marine presented evidence showing that the question from the pre-employment physical was rationally related to Bosarge's ability to perform the job of relief captain and that Cheramie Marine would not have hired Bosarge if it had known of his prior injuries. *See Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006) (footnotes omitted) (citing *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548–49 (5th Cir. 1968)). Specifically, a nurse practitioner who conducted Bosarge's physical testified that, if he had disclosed the injury, some kind of further evaluation would have been necessary before Bosarge would have been allowed to work at Cheramie Marine. Although this evidence does not show how long such a hold would take, a fact finder could have made a reasonable inference that the hold would be long enough to have delayed Bosarge's hiring so that he would not have boarded the M/V MR. BENITO the day of the alleged injury. In fact, it appears that less than a month passed between the date Bosarge filled out the medical questionnaire and the date of the alleged injury.

contends that the word "accident" confused the jury because it potentially connotes an event that occurs without fault. Bosarge also suggests that the question's use of the words, "an accident," was confusing because it referred to a singular event, rather than the several alleged events that injured Bosarge, including being slammed from his bed and being tossed violently throughout the bunks. Lastly, Bosarge contends that the issue of whether an incident occurred is subsumed within the Fifth Circuit Pattern Jury Charge Instructions, and therefore, no separate question about "an accident" was needed.

Whether an accident occurred is typically subsumed within the negligence instruction and its corresponding special interrogatory. *See Seymore*, 281 F. App'x at 302. However, a district court's decision not to use the Pattern Jury Instructions is not reason alone to overturn the verdict. "Although it is good practice to do so, trial judges need not follow the Pattern Jury Instructions promulgated by the United States Fifth Circuit District Judges Association." *United States v. Hunt*, 794 F.2d 1095, 1099 (5th Cir. 1986). Furthermore, the district court here, for the most part, did give verbatim instructions from the Fifth Circuit Pattern Jury Instructions.

This court applies the *Dreiling* factors to determine whether the district court's use of a special interrogatory was an abuse of discretion: "(i) whether, when read as a whole and in conjunction with the general charge the interrogatories adequately presented the contested issues to the jury, (ii) whether the submission of the issues to the jury was 'fair', and (iii) whether the 'ultimate questions of fact' were clearly submitted to the jury." *Dreiling v. Gen. Elec. Co.*, 511 F.2d 768, 774 (5th Cir. 1975) (citations omitted). Based on an application of these factors, the district court did not abuse its discretion.

Although the word "accident" may sometimes imply an event that occurred without fault, Merriam Webster's also defines it as "an unfortunate event resulting esp. from carelessness or ignorance." *Accident*, MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 7 (10th ed. 1994). This definition tracks closely with the definition of negligence in the Fifth Circuit Pattern Jury Instructions and the concept of negligence in general. COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOC., FIFTH CIRCUIT, PATTERN JURY INSTRUCTIONS (CIVIL CASES) 43, 47 (2014) ("Negligence is doing an act that a reasonably prudent person would not do, or failing to do something that a reasonably prudent person would do, under the same or similar circumstances." . . . . "The accident must be the cause of the injury."); W. PAGE KEETON, ET AL., PROSSER AND KEETON ON THE LAW OF TORTS 169 (5th ed. 1984) ("In most instances, [negligence] is caused by heedlessness or inadvertence . . . ."). Furthermore, Bosarge has put forth no support—in this instance or in general—that a layperson's use of the word, "accident," assumes that no one is at fault (indeed, most people would refer to an automobile collision as an "accident" without suggesting that no one was at fault). Similarly, the notion that "an accident" was somehow misleading here is equally unavailing. The series of events he claims were all part of one incident not separated in time. Therefore, a jury finding that no accident occurred in this case is effectively concluding, as Cheramie Marine argued at trial, that no injury-causing incident occurred. Indeed, the question does not appear to have confused the jury, but rather, the jury appears to have believed this defense: during deliberations, the jury sent a question to the court that said, "[w]e believe the plaintiff intentionally misrepresented or concealed medical facts, however, do not believe that an injury occurred. Confusion?" This question about the *McCorpen* Defense interrogatory further supports the conclusion that the jury

did not believe that any injury-causing incident occurred on the date in question.

Given the broad discretion district courts have to draft jury instructions, we find no reversible error in the district court's decision to ask whether Bosarge "had an accident" because, when read in conjunction with the rest of the instruction, Question One adequately and fairly presented the issue of liability to the jury. *See Dreiling*, 511 F.2d at 774.

C.

Bosarge next argues that the district court erred in allowing Cheramie Marine's expert to offer his opinions about a pre-incident MRI film study because the actual MRI film (Bosarge's own medical record) was not produced to Bosarge prior to trial. However, the expert report that was disclosed seven months earlier referred to the same comparison to which the expert testified at trial. The district court weighed the effect of the non-disclosure against the matters that were disclosed and ruled that the expert would be permitted to testify consistently with the timely expert report but that the MRI films themselves would not be admitted.

"District courts enjoy wide latitude in determining the admissibility of expert testimony . . . ." *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006) (quoting *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997); *see also Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004) (quoting *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)). Given this wide latitude, we conclude that the district court did not err in this regard.

AFFIRMED.